UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER ROMANOV,<br>        Plaintiff,<br><br>      vs.<br><br>TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS INC., and WELLS FARGO BANK NA ,<br>        Defendant. | CASE NO. 1:24-cv-01901<br><br>**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant Trans Union LLC ("Trans Union"), by counsel, responds to Plaintiff's Original Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union LLC's responses immediately following.

**PRELIMINARY STATEMENT**

1.      Trans Union admits only that Plaintiff has asserted claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Trans Union denies the remaining allegations contained in paragraph 1 of the Complaint.

2.      Trans Union states that the Fair Credit Reporting Act speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

3.      Trans Union states that the Fair Credit Reporting Act speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

4. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

5. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

6. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

7. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8. Trans Union states that the Fair Credit Reporting Act speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

9. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10. Trans Union states that the Fair Credit Reporting Act speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

11. Trans Union states that the Fair Credit Reporting Act speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

12. Trans Union denies the allegations contained in this paragraph.

13. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15. Trans Union denies the allegations contained in this paragraph.

## **JURISDICTION & VENUE**

16. Trans Union admits that jurisdiction is proper in this Court.

17. Trans Union admits that Plaintiff is a natural person and "a consumer" as defined by 15 U.S.C. § 1681a(c). Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18. Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in this Court.

## PARTIES

19. Trans Union admits that Plaintiff is a natural person and "a consumer" as defined by 15 U.S.C. § 1681a(c). Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20. Trans Union admits that Plaintiff is a natural person and "a consumer" as defined by 15 U.S.C. § 1681a(c). Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

21. Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

22. Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

23. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

## GENERAL FACTUAL ALLEGATIONS

### Sections 1681e(b) and 1681i(a) of The Fair Credit Reporting Act Require Substantive Investigations and Prohibit Mere "Parroting" of Trans Union's Creditor-Customers

27. Trans Union states that the Fair Credit Reporting Act and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

28. Trans Union states that the Fair Credit Reporting Act and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

29. Trans Union states that the Fair Credit Reporting Act speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

30. Trans Union states that the Fair Credit Reporting Act and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

31. Trans Union states that the Fair Credit Reporting Act and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

32. Trans Union states that the Fair Credit Reporting Act and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

33. Trans Union states that the Fair Credit Reporting Act and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

34. Trans Union states that the Fair Credit Reporting Act and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

35. Trans Union states that the Fair Credit Reporting Act and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

36. Trans Union states that the Fair Credit Reporting Act and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

**Plaintiff Discovers Trans Union was Inaccurately Reporting Two Wells Fargo Accounts and Hard Inquiries That He Did Not Authorize**

37. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

38. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

39. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

40. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

41. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

42. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

**Plaintiff Disputes The Inaccuracies With Trans Union**

43. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

44. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

45. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

46. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

47. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

48. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

49. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

50. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

### **Plaintiff Disputes The Inaccuracies With the Financial Institutions**

51. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

52. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

53. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

54. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and, therefore, denies same.

55. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

56. Trans Union denies the allegations contained in this paragraph.

57. Trans Union denies the allegations contained in this paragraph.

**Plaintiff Discovers Experian was Inaccurately Reporting a Wells Fargo Account That He Did Not Authorize**

58. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

59. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

60. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

61. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

**Plaintiff Disputes The Inaccuracies With Experian**

62. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

63. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

64. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

65. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

66. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

67. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

**Plaintiff Disputes The Inaccuracies with Wells Fargo**

68. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

69. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

70. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

71. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

72. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint and, therefore, denies same.

73. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

74. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

75. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

76. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

77. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

78. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

79. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

80. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

81. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

### **The CRA Defendants Did Not And Do Not**

### **Conduct Any Investigation Of Most Consumer Disputes**

82. Trans Union denies the allegations contained in this paragraph.

83. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

84. Trans Union denies the allegations contained in this paragraph.

85. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint and, therefore, denies same.

86. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

87. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

88. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

89. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

90. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint and, therefore, denies same.

91. Trans Union denies the allegations contained in this paragraph.

### **Plaintiff Suffered Actual Harm**

92. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

93. Trans Union denies the allegations contained in this paragraph.

94. Trans Union denies the allegations contained in this paragraph.

### **Defendants' Conduct Was Willful**

95. Trans Union states that the Fair Credit Reporting Act and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

96. Trans Union states that the Fair Credit Reporting Act and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

97. Trans Union states that the Fair Credit Reporting Act and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

98. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint and, therefore, denies same.

99. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint and, therefore, denies same.

100. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint and, therefore, denies same.

101. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint and, therefore, denies same.

102. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint and, therefore, denies same.

103. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint and, therefore, denies same.

104. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint and, therefore, denies same.

105. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint and, therefore, denies same.

106. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

107. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint and, therefore, denies same.

108. Trans Union states that the Fair Credit Reporting Act and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

109. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

110. Trans Union states that the Fair Credit Reporting Act and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

111. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint and, therefore, denies same.

112. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint and, therefore, denies same.

113. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Complaint and, therefore, denies same.

114. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint and, therefore, denies same.

115. Trans Union states that the "NCLC Report" speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the "NCLC Report," Trans Union denies the allegations as stated.

116. Trans Union states that the "NCLC Report" speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the "NCLC Report," Trans Union denies the allegations as stated.

117. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint and, therefore, denies same.

118. Trans Union denies the allegations contained in this paragraph.

## **CLAIMS FOR RELIEF**

### **COUNT 1: AGAINST EXPERIAN AND TRANS UNION**

#### **Violation of § 1681 e(b) of the FCRA**

119. Trans Union restates and incorporates its responses to paragraphs 1 through 119 above as though fully stated herein.

120. Trans Union denies the allegations contained in this paragraph.

121. Trans Union denies the allegations contained in this paragraph.

122. Trans Union denies the allegations contained in this paragraph.

123. Trans Union denies the allegations contained in this paragraph.

124. Trans Union denies the allegations contained in this paragraph.

125. Trans Union denies the allegations contained in this paragraph.

126. Trans Union denies the allegations contained in this paragraph.

## COUNT 2: AGAINST EXPERIAN AND TRANS UNION

## Violation of § 1681i of the FCRA

127. Trans Union restates and incorporates its responses to paragraphs 1 through 127 above as though fully stated herein.

128. Trans Union denies the allegations contained in this paragraph.

129. Trans Union denies the allegations contained in this paragraph.

130. Trans Union denies the allegations contained in this paragraph.

131. Trans Union denies the allegations contained in this paragraph.

132. Trans Union denies the allegations contained in this paragraph.

133. Trans Union denies the allegations contained in this paragraph.

## COUNT 3: AGAINST WELLS FARGO

## Violation of § 1681s-2(b)(D(A) of the FCRA

134. Trans Union restates and incorporates its responses to paragraphs 1 through 134 above as though fully stated herein.

135. Trans Union states that the Fair Credit Reporting Act speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

136. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

137. Trans Union denies the allegations contained in this paragraph.

138. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

139. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

140. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

141. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

## COUNT 4: AGAINST WELLS FARGO
## Violation of § 1681s-2(b)(1)(E) of the FCRA

142. Trans Union restates and incorporates its responses to paragraphs 1 through 142 above as though fully stated herein.

143. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

144. Trans Union states that the Fair Credit Reporting Act speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

145. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

146. Trans Union denies the allegations contained in this paragraph.

147. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

148. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

149. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

150. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

## JURY DEMAND

151. Trans Union admits that Plaintiff demands a jury trial. Trans Union denies the remaining allegations contained in this paragraph.

## PRAYER FOR RELIEF

Trans Union denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Trans Union's reports concerning Plaintiff were true or substantially true.

3. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

5. Plaintiff has failed to take reasonable steps to mitigate their damages, if any.

6. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

7. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

8. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

9. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Original Complaint, and that Trans Union

LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date: April 12, 2024            Respectfully submitted,

                                               */s/ Camille R. Nicodemus, Esq.*
Camille R. Nicodemus, Esq. (NY# 2807451)
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 105
Fax: (317) 899-9348
E-Mail:  cnicodemus@qslwm.com

*Counsel for Defendant Trans Union LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing has been filed electronically on the **12th day of April, 2024**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| **for Plaintiff PETER ROMANOV**<br>ATTORNEY-AT-LAW, P.C.<br>LAW OFFICE OF ABEL L. PIERRE<br>140 Broadway, 46th Floor<br>New York, New York 10005<br>abel@apierrelaw.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via Electronic Mail on the **12th day of April, 2024**, properly addressed as follows:

| | |
|---|---|
| None. | |

*/s/ Camille R. Nicodemus, Esq.*
Camille R. Nicodemus, Esq. (NY# 2807451)
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 105
Fax: (317) 899-9348
E-Mail:  cnicodemus@qslwm.com

*Counsel for Defendant Trans Union LLC*